```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**ROBERT WILLIAM AVERY**                                          **PLAINTIFF**

       v.         Civil No. 08-5091

**SHERIFF KEITH FERGUSON;**
**CAPTAIN HUNTER PETRAY;**
**CORPORAL DUSTIN CARLTON;**
**EX-SERGEANT CHARLES TOMLIN;**
**and SGT. CULOTTA**                                              **DEFENDANTS**

### O R D E R

Now on this 24th day of September, 2010, comes on for consideration

    *    defendants' **Motion For Summary Judgment** (document #58);

    *    the **Report And Recommendation Of The Magistrate Judge** (document #77); and

    *    plaintiff's **Objection To The Report And Recommendation Of The Magistrate Judge** (document #78),

and the Court, being well and sufficiently advised, finds and orders as follows:

    1.    Plaintiff Robert William Avery ("Avery") contends that his constitutional rights were violated while he was a pre-trial detainee at the Benton County Detention Center ("BCDC") beginning on January 16, 2007. He claims that his conditions of confinement were unconstitutionally punitive; that he was subjected to an unsafe, racially charged, environment; that he was denied medical care; that he was denied access to the law library; that his First

Amendment freedom of religion rights were violated by BCDC's refusal to provide him with a vegetarian diet; and that his due process rights were violated in connection with certain disciplinary hearings.

    2.   The Magistrate Judge analyzed Avery's claims - and the evidence presented in support of and in opposition to the Motion For Summary Judgment - at length, and filed a Report And Recommendation in which he recommended that summary judgment be granted on all but four of Avery's claims, to-wit:

    *   Avery's claim that his First Amendment rights were violated when he was denied a vegetarian diet;

    *   Avery's claim that he was subjected to an unsafe, racially charged environment;

    *   Avery's claim that his due process rights were violated in connection with disciplinary proceedings for an incident that occurred on January 18, 2007; and

    *   Avery's claim that his First Amendment rights were violated by lack of access to newspapers and the radio.

    3.   Avery makes the following Objections to the Report And Recommendation:

    (a)  Avery first objects that on September 11, 2008, an Order was entered allowing him to sue each defendant in both his individual and his official capacity. The Report And Recommendation recognizes that Avery sued all defendants in both

their official and their individual capacities, and this Objection will, therefore, be overruled.

(b)  Avery next objects to the recommendation of dismissal for his claim that BCDC has a custom, policy or practice of using excessive force.  There being no viable claim in this case that Avery was subjected to the use of excessive force[1], this objection is without merit, and will be overruled.

(c)  Avery next objects that while his complaints about the conditions of his confinement at BCDC might not - taken separately - present claims of constitutional dimensions, they reach that level when taken as a whole.  He contends that the conditions of confinement for a pre-trial detainee cannot amount to punishment, but must "cumulatively add up to the least restrictive means of achieving the purpose of detention until trial."

Avery cites **Miller v. Carson**, **563 F.2d 741 (5th Cir. 1977)** and **Williams v. Edwards**, **547 F.2d 1206 (5th Cir. 1977),** for the proposition that the combined totality of many unpleasant and restrictive conditions of confinement may amount to the infliction of punishment, which is not permissible for a pre-trial detainee. The conditions in the cited cases were, however, qualitatively worse than what Avery alleges.

In **Miller**, inmates were subjected to "shoulder to shoulder

---

[1] Avery did assert an excessive force claim in Avery v. Ferguson, Western District of Arkansas case no. 07-5111, but that claim was resolved against him.

-3-

housing"; ate standing up; slept on bare floors or benches; and lived with vomit, feces, urine, lice, rats, contagious diseases, and standing water.  In **Williams**, the court noted terrible overcrowding; inmate access to weapons; numerous inmate murders and rapes; and multiple health and sanitation violations.

By contrast, in his Objections Avery enumerates complains of:

*   only being allowed to mail two personal (non-legal) letters a week at public expense;

*   mail not being promptly delivered;

*   having to eat cold food or food that was "inadequate";

*   having to share toilet facilities with up to 62 other inmates during morning and afternoon hours;

*   being required to remain out of his cell during the morning and afternoon hours despite being injured;

*   not being given Ibuprofen that had been medically prescribed;

*   inadequate hygiene products;

*   unsanitary shaving procedures;

*   being subjected to "group punishments" for the misbehavior of one person; and

*   having to sleep on a mat only one inch thick.

These conditions of confinement (and other similar conditions alleged by Avery) - even when taken in their totality - do not approach the conditions found unconstitutional in **Miller** or

**Williams**.

More to the point, this objection is without merit in light of **Bell v. Wolfish**, **441 U.S. 520 (1979),** wherein the Supreme Court relied on the following quotation from **Kennedy v. Mendoza-Martinez**, **372 U.S. 144 (1963)** to "compress the distinction" between punishment and "a mere regulatory restraint":

> "Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of *scienter*, whether its operation will promote the traditional aims of punishment - retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry, and may often point in differing directions."

**441 U.S. at 537-38.**

When evaluated by these criteria, it can be seen that what Avery complains of are simply routine disagreeable consequences of confinement, not punishments visited upon him for his alleged crime before conviction.

Furthermore, with regard to Avery's contention that he can only be detained by the "least restrictive means," the Supreme Court in **Bell** quoted **Campbell v. McGruder**, **580 F.2d 529, 266 (D.C. Cir. 1978),** to the effect that "[i]f the government could confine or otherwise infringe the liberty of detainees only to the extent necessary to ensure their presence at trial, house arrest would in the end by the only constitutionally justified form of

detention." Clearly this is not required.

For all these reasons, Avery's objection based on "totality of the circumstances" is without merit.

(d) Finally, Avery objects that his claim against defendant Culotta is not barred by the case of Avery v. Ferguson, filed as Case No. 07-5111 in the United States District Court for the Western District of Arkansas. He argues that the Magistrate Judge refused to allow him to amend to add Culotta in Case No. 07-5111 because the amendment was untimely. This objection is without merit, as it is merely an attempt to substitute a second **§ 1983** claim for appeal of an unwelcome decision in the first **§ 1983** claim.

**IT IS THEREFORE ORDERED** that plaintiff's **Objection To The Report And Recommendation Of The Magistrate Judge** (document #78) is **overruled**.

**IT IS FURTHER ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted** *in toto*.

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Report And Recommendation Of The Magistrate Judge**, defendants' **Motion For Summary Judgment** (document #58) is **granted in part and denied in part**.

The motion is **denied** insofar as it seeks dismissal of Avery's claim that his First Amendment rights were violated when he was

denied a vegetarian diet; Avery's claim that he was subjected to an unsafe, racially charged environment; Avery's claim that his due process rights were violated in connection with disciplinary proceedings for an incident that occurred on January 18, 2007; and Avery's claim that his First Amendment rights were violated by lack of access to newspapers and the radio.

In all other respects the motion is **granted**, and all claims other than those enumerated in the preceding paragraph are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that this matter is scheduled for jury trial at 8:30 a.m. on December 13, 2010. The following pre-trial deadlines must be observed:

\* Plaintiff must submit a list of the witnesses he proposes to have subpoenaed for trial, along with their addresses and telephone numbers, no later than November 22, 2010.

\* Pre-trial disclosures must be filed by all parties no later than November 22, 2010.

\* Jury instructions must be exchanged by the parties and submitted to the Court no later than November 29, 2010.

**IT IS SO ORDERED.**

                                             /s/ Jimm Larry Hendren
                                             **JIMM LARRY HENDREN**
                                             **UNITED STATES DISTRICT JUDGE**